IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRUCE E. VAWSER, | ) | 4:06CV3217 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| TRESSA ALIOTH, TINA | ) | **AND ORDER** |
| UPDEGROVE, and SCOTT | ) | |
| WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Tressa Alioth's ("Alioth") motion to dismiss (filing no. 17) and Defendants Tina Updegrove's ("Updegrove") and Scott Wilson's ("Wilson") motion to dismiss (filing no. 29). Plaintiff filed a motion for further review (filing no. 22) in response to Alioth's motion to dismiss and a motion of response (filing no. 32) in response to Updegrove's and Wilson's motion to dismiss. The court construes these two filings as briefs in opposition to Defendants' motions to dismiss. Also pending are Plaintiff's motion to obtain complaints (filing no. 13) and Alioth's motion to withdraw as counsel, filed by attorney Derek Vaughn (filing no. 20).

## I.    Motion to Dismiss Standard of Review.

When considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). "Although

pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced.  Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* at 802 (internal citations and quotations omitted).  The court will dismiss a claim "'only when it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations.'"  *Id.*

## II.    Summary of Plaintiff's Complaint.

Plaintiff alleges that Wilson and Updegrove were employed by the Nebraska Humane Society in Omaha, Nebraska as investigators.  (Filing No. 1 at section IV.) Liberally construed, Plaintiff further alleges that Wilson and Updegrove "raided" Plaintiff's house and arrested three individuals other than Plaintiff for dog fighting and animal cruelty.  *Id.*   During the "raid," Plaintiff's dogs were taken. Approximately two months later, Plaintiff was also arrested for dog fighting and animal cruelty.  *Id.*  Those charges were dismissed. Between December 2004 and April 2006, Plaintiff alleges that Alioth "maliciously prosecuted" Plaintiff for various misdemeanor dog fighting charges.  All of the charges were dismissed "after ten failed plea agreements."  *Id.*

Plaintiff's complaint seeks relief for: defamation of character, financial setback, loss of two dogs and eight puppies, loss of other personal property, attorneys fees, bond money, and stress.  (*Id.* at section V.)  Plaintiff's complaint seeks only monetary damages against all three Defendants.  (*Id.*)

## III.    Alioth's Motion to Dismiss.

Alioth filed a motion to dismiss, arguing that she is entitled to absolute immunity because all of the actions complained of by Plaintiff were taken by Alioth in her role as prosecutor.  (Filing No. 17 at 1; Filing No. 18 at 3.)  In his response to

Alioth's motion, Plaintiff argues that the motion to dismiss should not be granted because Alioth was "a part of [Defendants'] patently illegal investigation" which then led to the malicious prosecution of Plaintiff. (Filing No. 22 at 1.) Plaintiff further states that the factual basis for the "patently illegal investigation" was based on a third party's "false statement" and was intended by Alioth to "crack down on alleged dogfighting." (*Id.*) Plaintiff's complaint alleges more generally that Alioth "attempted to maliciously prosecute" him. (Filing No. 1 at section IV.)

"Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [her] role as advocate for the state." *Id.* at 1267. The official seeking the protection of absolute prosecutorial immunity "'bears the burden of showing that such immunity is justified for the function in question.'" *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Here, Plaintiff alleges in his complaint that Alioth "attempted to maliciously prosecute" him by filing and dismissing more than ten felony and misdemeanor dog fighting charges against him. (Filing No. 1 at section IV.) However, "decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions." *Anderson*, 327 F.3d at 769 (quotations omitted). Therefore, Alioth's

actions relating to the filing and dismissal of the charges against Plaintiff are protected by absolute prosecutorial immunity, even if Plaintiff believes those actions were somehow subjectively malicious or defamatory.

However, Plaintiff's response to the motion to dismiss sets forth additional factual support, stating that Alioth was "a part of [the] patently illegal investigation" that led to his arrest and prosecution. (Filing No. 22 at 1.) Plaintiff also states in his response that Alioth "directed the investigation" in an illegal manner which served as the foundation for the malicious prosecution. (*Id*. at 2.) Despite the fact that Plaintiff's complaint does not contain such specific allegations, viewing the allegations in the light most favorable to Plaintiff, the court cannot say that it appears beyond doubt that the plaintiff cannot prove any set of facts which would entitle him to relief in this matter. Indeed, at this early stage of the proceedings, the court cannot answer the relevant question–whether Alioth's actions are "prosecutorial" rather than "investigatory or administrative." Therefore, Alioth's motion to dismiss is denied without prejudice to reassertion pursuant to Federal Rule of Civil Procedure 56.

## IV.   Updegrove's and Wilson's Motion to Dismiss.

Defendants Updegrove and Wilson filed a motion to dismiss, asserting three separate grounds for dismissal. (Filing No. 29.) Updegrove and Wilson argue that the court lacks subject matter jurisdiction, that Plaintiff failed to properly serve summons on them, and that Plaintiff does not state a claim upon which relief can be granted. (*Id.*) Plaintiff argues in his response to the motion that Updegrove and Wilson were part of a "patently illegal investigation" and that his Fourth Amendment rights were violated when Updegrove and Wilson executed the search warrant on his home. (Filing No. 32 at 1.) Plaintiff further argues that service of process was proper and in accordance with this court's order. (*Id.* at 2.)

-4-

A.    Failure to Properly Serve Summons on Updegrove and Wilson.

Although Federal Rule of Civil Procedure 4 allows for service of process within 120 days after the filing of the complaint, the court may extend the time for service upon a showing of good cause.  Fed. R. Civ. Pro. 4(m); *see also Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1034-35 (8th Cir. 1994).  Where a pro se plaintiff acts "in good faith throughout the pendency of his lawsuit," and still fails to effect proper service of process, the court may decline to dismiss for untimely service. *Lujano*, 30 F.3d at 1035.

Here, the court informed Plaintiff that he may not serve summons until after initial review of his complaint occurred.  (Filing No. 5 at 3.)  The initial review did not occur until February 5, 2007.  (Filing No. 8).  In the Order on Initial Review, the court permitted Plaintiff to serve Defendants within 60 days of the date of the order, or by April 6, 2007.  Plaintiff acted in good faith and returned the summons forms in a timely manner.  (*See* Filing No. 10.)  However, Updegrove and Wilson no longer work for the Nebraska Humane Society and the summonses were returned unexecuted and had to be reissued.  (Filing Nos. 11, 12, and 19.)  Updegrove was served on May 18, 2007 and Wilson was served on May 25, 2007.  The court finds that Plaintiff acted in good faith or, at a minimum, with excusable neglect.  Therefore, Plaintiff's claims are not dismissed because of untimely service.

B.    This Court's Subject Matter Jurisdiction and Whether Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.

Plaintiff may proceed with his claims only if this court has subject matter jurisdiction.  Subject matter jurisdiction may be based on 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant."  *Ryan v. Schneider Natl.*

-5-

*Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). There is nothing in the complaint in this case supporting diversity of citizenship jurisdiction and it therefore cannot be a basis for subject matter jurisdiction.

However, subject matter jurisdiction may also be based on 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction. Federal question jurisdiction exists where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Federal question jurisdiction is "governed by the 'well-pleaded complaint' rule which provides that the plaintiff's claim itself must present a federal question." *Iowa Mgmt. Consultants, Inc. v. Sac & Fox Tribe of Mississippi*, 207 F.3d 488, 489 (8th Cir. 2000) (citations and quotations omitted). Thus, subject matter jurisdiction is proper where, on the face of the complaint, a plaintiff asserts a valid claim pursuant to 42 U.S.C. § 1983. *McKenzie v. City of White Hall*, 112 F.3d 313, 316 (8th Cir. 1997).

In this case, Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Liberally construed, Plaintiff asserts a claim against Updegrove and Wilson for violations of his Fourth Amendment rights. (Filing No. 32 at 1.) However, Plaintiff ***seeks relief for*** defamation of character, financial setback, loss of two dogs and eight puppies, loss of other personal property, attorneys fees, bond money, and stress. (Filing No. 1 at section V.) Although Plaintiff does not specifically allege a violation of the Fourth Amendment in the complaint, liberally construed, he does allege an improper "raid" by Updegrove and Wilson. (Filing No. 1 at section IV.) Plaintiff

-6-

further specifies the claim in his response to the motion to dismiss.  (Filing No. 32 at 1.)   Additionally, Plaintiff does state that Updegrove and Wilson "worked for the Nebraska Humane Society." Liberally construed, Plaintiff has stated a claim for relief under 42 U.S.C. § 1983 and this court has subject matter jurisdiction.

However, the court is unclear regarding whether Plaintiff actually asserts claims for defamation of character, financial setback, loss of two dogs and eight puppies, loss of other personal property, attorneys fees, bond money, and stress or simply asserts those as categories as damages.  (Filing No. 1 at section V.)  To the extent that Plaintiff asserts those state law claims, Updegrove and Wilson are correct that Plaintiff's complaint does not adequately plead those causes of action and, thus, Plaintiff's complaint does not state a claim upon which relief may be granted for those claims.  Because the court cannot determine whether the Plaintiff asserts claims or is merely categorizing and labeling his damages for his Fourth Amendment claim, the court grants leave for Plaintiff to amend his complaint within 30 days of the date of this order.

Updegrove's and Wilson's motion to dismiss is therefore denied without prejudice to reassertion after amendment of the complaint or pursuant to Federal Rule of Civil Procedure 56.

## V.    Other Pending Motions.

Plaintiff filed a motion to obtain complaints in this matter.  (Filing No. 13.) Plaintiff requests that the Clerk of the court send him copies of his complaint in this matter in order to facilitate his attempts to obtain counsel.

The statutory right to proceed in forma pauperis does not include the right to receive copies of court orders without payment.  28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that

a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973). If plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Plaintiff's motion to obtain complaints is denied.

Defendant's counsel, Derek Vaughn, filed a motion to withdraw as counsel for Defendant Alioth on May 3, 2007. (Filing No. 20.) On the same day, attorney Diane Carlson filed a notice of appearance as counsel for Alioth. (Filing No. 21.) Because Alioth continues to be represented by counsel, the motion is granted.

IT IS THEREFORE ORDERED that:

1.     Defendant Tressa Alioth's motion to dismiss (filing no. 17) is denied without prejudice to reassertion after amendment of the complaint or pursuant to Federal Rule of Civil Procedure 56 as set forth in this memorandum and order.

2.     Defendants Tina Updegrove's and Scott Wilson's motion to dismiss (filing no. 29) is denied without prejudice to reassertion after amendment of the complaint or pursuant to Federal Rule of Civil Procedure 56 as set forth in this memorandum and order.

3.     No later than October 29, 2007, Plaintiff is directed to file an amended complaint, if he can do so consistent with Federal Rule of Civil Procedure 11, clearly identifying (a) whether he is asserting state law claims for defamation of character, financial setback, loss of two dogs and eight puppies, loss of other personal property, attorneys fees, bond money, and stress and setting forth the factual basis for such claims; and (b) basic facts showing that Defendant Alioth engaged in conduct which was investigatory or administrative rather than prosecutorial.

4.    Plaintiff's motion to obtain complaints (filing no. 13) is denied. Plaintiff is directed to contact the Clerk of the court for information regarding how to request and pay for copies of court records.

5.    Defendant Alioth's motion to withdraw as counsel (filing no. 20), filed by Derek Vaughn, is granted. The Clerk of the court is directed to terminate Derek Vaughn as counsel of record in this matter.

6.    The Clerk of the court is directed to set a pro se case management deadline with the following text: October 29, 2007: deadline for Plaintiff to amend complaint.

September 28, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge